UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TAREQ ZIAD FOUAD ZAKARNEH,

Plaintiff,

v.

FEDERAL BUREAU OF INVESTIGATION,

Defendant.

CASE NO. 2:25-cv-00534-DGE

ORDER DISMISSING CASE

Plaintiff Tareq Zakarneh, an individual in the custody of Immigration and Customs Enforcement (ICE), has filed this action *pro se* challenging his confinement. Plaintiff is "asking the court to release him from ICE prison at the NW ICE processing center." (Dkt. No. 6 at 6.) The Court, Honorable Magistrate Judge Theresa Fricke, has found that Plaintiff is indigent and financially qualifies for *in forma pauperis* (IFP) status, but referred Plaintiff's IFP application to the undersigned for review under 28 U.S.C. § 1915(e)(2)(B), which requires dismissal of IFP cases that are frivolous or fail to state a claim. (*See* Dkt. No. 5.) For that reason, Plaintiff was not granted leave to serve the summons. (*See id.* at 1.)

Plaintiff has another case pending with this Court, *Zakarneh v. United States Immigration and Custom Enforcement et al*, 2:25-cv-00707-DGE-GJL, which is a habeas petition transferred from the District of Oregon challenging his confinement. In the habeas case, the Court, Honorable Magistrate Judge Grady J. Leupold, has ordered the habeas petition to be served upon the United States Attorney, and substituted the Facility Administrator of the Northwest ICE Processing Center as the proper respondent. (*See* Case No. 25-cv-0707, Dkt. No. 16.) Upon review, the claims and evidence relied upon in the habeas action are similar to or the same as those in this case. (*Compare* Case No. 25-cv-0534 at Dkt. Nos. 1, 6 *with* Case No. 25-cv-0707 at Dkt. No. 1.)

Under 28 U.S.C. § 1915(e)(2)(B), the Court must assess the sufficiency of an IFP complaint and dismiss a complaint that is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *See also Lopez v. Smith*, 203 F.3d 1122, 1126–1127 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an in forma pauperis complaint that fails to state a claim). For a complaint to state a claim, it must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). Additionally, complaints filed pro se are "to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "Unless it is absolutely clear that no amendment can cure the defect, [] a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). However, leave to amend is properly denied if amendment would be futile. *See Ventress v. Japan Airlines*, 603 F.3d 676, 680 (9th Cir. 2010); *Lipton v. Pathogenesis Corp.*, 284 F.3d 1027, 1039 (9th Cir. 2002).

When an individual challenges their ongoing confinement and seeks release, they must bring such a challenge through a writ of habeas corpus. *See Trump v. J. G. G.*, 145 S. Ct. 1003, 1005 (2025) (claims that "necessarily imply the invalidity" of confinement "fall within the 'core' of the writ of habeas corpus and thus must be brought in habeas."). Here, Plaintiff has such a habeas petition pending; the petition has been served upon the Government and the litigation is underway. *See* Case No. 25-cv-0707. By contrast, this civil case is duplicative of the habeas case and cannot afford Plaintiff the relief he seeks, because he can only seek release through habeas. Any amendment to the complaint in this case would be futile, because the only amendment that would make it a valid action is if it were converted to a habeas petition—and again, Plaintiff already has a habeas petition pending.

Therefore, the Court DISMISSES this case without prejudice and without leave to amend. It is important to note that the Court does not at this time make any judgment about the lawfulness of Plaintiff's detention, and Plaintiff's habeas action challenging his confinement will remain ongoing.

The Clerk shall forward a copy of this Order to Plaintiff and to the Honorable Grady J. Leupold.

SO OREDERED.

Dated this 1st day of May, 2025.

David G. Estudillo
United States District Judge